Lance Hanson AYERS, Plaintiff–Appellant,

v.

482018–DIV: "N"; Allen Correctional; 19th Judicial, Defendants–Appellees.

No. 05–30858

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 24, 2006.

Lance Hanson Ayers, Kinder, LA, pro se.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Lance Hanson Ayers, Louisiana prisoner # 122241, appeals the district court's dismissal of his complaint for failure to comply with a court order to amend his

pleadings. We previously remanded this matter to the district court to allow the court to rule on a post-judgment motion by Ayers seeking reinstatement of his suit. The district court subsequently granted the motion and ordered the case reinstated on the district court's docket. Accordingly, because the judgment which is the subject of this appeal has been vacated, the present appeal does not present a live case or controversy and is dismissed as moot. *See Rocky v. King,* 900 F.2d 864, 867 (5th Cir.1990).

APPEAL DISMISSED.

Anthony Joseph WILLIAMS, Plaintiff–Appellant,

v.

Curt WAINWRIGHT; Josh Otwell; Angie Huff; Ray Hanson, Defendants–Appellees.

No. 05–30680

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 24, 2006.

Anthony Joseph Williams, Homer, LA, pro se.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Anthony Joseph Williams, Louisiana prisoner # 397646, appeals the district court's dismissal of his civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Williams argues that the district court misconstrued his complaint as seeking relief for a deprivation of property which occurred in November 2003, when in fact the complaint alleged claims arising out of a January 2005 incident of retaliation.

The record shows that Williams submitted the complaint to prison authorities for mailing on December 26, 2004; thus, it is not possible that the complaint alleged claims arising out of an incident occurring in January 2005. Accordingly, the dismissal of the complaint was not an abuse of discretion. *See Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997). Williams's appeal is without arguable merit and is therefore dismissed as frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983); *see* 5TH CIR. R. 42.2.

The district court's dismissal of Williams's complaint and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996). Williams is cautioned that if he accumulates three strikes, he may no longer proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

APPEAL DISMISSED; SANCTION WARNING ISSUED.